[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESTRUCTURING OF MORTGAGE DEBT
On July 24, 1989, Robert G. Vadas (the defendant), executed a note in the amount of $172,500 in favor of Ulster Savings Bank. The note was secured by a mortgage on property located at 28 Indian Road, Trumbull, Connecticut. The note and the mortgage were later assigned to the plaintiff, Federal Home Loan Mortgage Corporation (the plaintiff). On December 18, 1995, the plaintiff filed a complaint seeking to foreclose on the mortgage. On February 8, 1996, the defendant filed an application for protection from foreclosure action. General Statutes §§ 49-31d — 49-31j. On March 4, 1996, this court granted the plaintiff's application and ordered that he make payments in the amount $600 during the restructuring period. General Statutes §§ 49-31g; 49-31h.
General Statutes § 49-31g provides, in pertinent part: "If it determines that a homeowner who is an underemployed person is eligible for protection from foreclosure pursuant to subsections (a) and (c) of section 49-31f, the court in its discretion may order the restructuring of the mortgage debt of such homeowner so as to eliminate any arrearage in payments on the mortgage debt and may allow a restructuring period not toexceed six months." (Emphasis added.) In the present case, the CT Page 9282 restructured mortgage debt was never established and the defendant has continued to make the $600 payments ordered by the court for the past seventeen months. On August 1, 1997, the plaintiff filed a motion asking the court to determine the restructured mortgage debt.[1]
During oral argument, the defendant initially argued that he should not be asked to pay interest for the eleven months following the expiration of the six month restructuring period because the court had not determined the restructured mortgage. Further, he argued that the plaintiff should be penalized for failing to provide the necessary information so as to allow the court to determine the restructured mortgage debt.
Under General Statutes § 49-31i, the restructured debt must be paid within the remaining term of the loan. See footnote 1. Consequently, the monthly payments on the restructured mortgage would have to be higher than the monthly payments established under the original principle. Even though the court had not ruled on the restructured mortgage at the end of the restructuring period, it was incumbent on the defendant to at least renew making payments due under the original mortgage.
Upon consideration of the statutes providing for mortgage restructuring, the court determined that, "[t]hese statutory provisions fairly indicate that the restructuring court is obliged to, in effect, amortize the new mortgage debt over the remaining term of the loan." (Internal quotation marks omitted.)Empire of America Realty Credit v. Crotty, Superior Court, judicial district of Waterbury, Docket No. 095778 (February 21, 1992, Blue, J.).
Pursuant to Section 49-31j-3 of the applicable Regulations of Connecticut State Agencies, the defendant's restructured mortgage debt is calculated as follows:
 Old principle $153,568.45 Interest at 10,375% (2/1/95 to 7/31/97) (see footnote 1) $ 39,235.26 Real Property taxes $ 15,969.31 Attorney Fees $ 3,300.00 Title Search $ 150.00 Sheriff Fees $ 253.44 Land Record Copies $ 13.00 Writ Fee $ 150.00 CT Page 9283 Appraisal Fee $ 350.00 Recording Fee $ 20.00 Court certification $ 5.00 ----------- $213,014.46
 Less Payments ordered by the court[2] — $ 10,200.00 ----------- Restructured Principle Debt $202,814.46
Section 49-31j-5 (b) of the Regulations of Connecticut State Agencies requires that the court compute Composite Interest Rate as follows:
 Old Principal (1) Old Rate x ------------------------------------- = Old Principal + New Principal[3]
 $153,568.45 $153,568.45 10.375 x ---------------------------- = 10.375 x ------------- = 7.8558 $153,568.45 + $49,246.01 $202,814.46
 New Principal (2) Prevailing Interest Rate[4] x ----------------------------- = Old Principal + New Principal
 $49,246.01 $49,246.01 7.75 x ------------------------ = 7.75 x ----------- = 1.8818 $153,568.45 + $49,246.01 $202,814.46
(3) Composite Interest Rate = 7.8558 + 1.8818 = 9.7376%
The defendant's restructured mortgage debt should be $202,814.46, and the composite interest to be applied on the restructured mortgage debt should be 9.74%.[5] Furthermore, the restructured mortgage must be paid over the remaining term of the loan. See General Statutes § 49-31i(a).
While the restructured mortgage debt does exceed seventy (70%) percent of the amount of the original mortgage, it may not exceed ninety (90%) percent of the fair market value of the property. In order to determine the latter, the court must have an appraisal of the present fair market value of the subject property as determined by an accredited real estate appraiser or it will need the parties' stipulation as to same. CT Page 9284
If the court finds that the restructured mortgage debt does not exceed ninety (90%) percent of the premises fair market value, it will order restructuring.
The parties are ordered to appear in court on Monday, September 22, 1997, at 10:00 a.m., courtroom 5D, so as to enable the court, after hearing, to determine who should bear the cost of such appraisal.
WEST, J.